To: US District Court
50 Walnut Street
Newark, NJ     17102

RECEIVED
NOV 10 2014
AT _____ 3:55 P.M.
WILLIAM T. WALSH, CLERK

COMPLAINT (WRONGFUL DEATH and Medical Malpractice, violation of the American with Disabilities Act; and violation of William L. Smith's and Nancy A Smith's Civil Rights.)

COMES NOW the Plaintiff(s), Nancy A Smith and Deborah J. Smith, acting as their own counsel, and for his/her

Complaint against the Defendant(s), Township of Warren; Somerset County; and the State of New Jersey; Somerset Medical Center; Barnabas Health Behavioral Health Center; and Kimball Medical Center, and any other defendants revealed as part of investigation and discovery, alleges and states:

## PARTIES

1. The Plaintiff(s), *Nancy A Smith, wife, Deborah J. Smith, daughter, and all wrongful death heirs & beneficiaries, et ales,* at all times relevant hereto, are adult citizens of the State of New Jersey and reside in Somerset County and are the heirs and wrongful death beneficiaries of the decedent, William Lawrence Smith (hereinafter referred to as Plaintiffs).

2. The Defendant(s), Township of Warren; the County of Somerset; and the State of New Jersey; Somerset Medical Center; Barnabas Health Behavioral Health Center; Kimball Medical Center, and all others revealed through further investigation and discovery at all times relevant hereto, is:

    (a) Somerset Medical Center, Barnabas Health Behavioral Health Center; and Kimball Medical Center are corporations incorporated under the laws of the State of New jersey and is *not* authorized to do business as a foreign corporation in this State, and is subject to service of process by and through its registered agent: (to be determined through discovery);

(b) Township of Warren, County of Somerset, and the State of New Jersey are Governmental authorities.

## FACTS

3. On or about Nov. 1, in the wake of Hurricane Sandy, the decedent William Lawrence Smith was a citizen of Warren Township, Somerset County, State of New Jersey, and was taken from his home at the objection of his family. William Lawrence Smith was a West Point Graduate and Veteran who served his county honorably.

4. At all times relevant hereto, the decedent was taken from his home under the objections of his family, and given medical care which ignored the past history given by the family and any standards of correct medical practice, which resulted in death.

5. At all times relevant hereto, the Defendant(s):

6. On November 10, 2012, the decedent died by adverse reaction to drugs even after being told of the patient's adverse reaction to such drugs; being transferred to hospitals with no heat; contracting infection, kidney and urinary tract infections and pneumonia which would not have happened if he had not been involuntarily taken to said hospitals, against the objection of the family. Previously to being taken, he was exceptionally physically healthy.

The conduct of Defendant(s) complained of herein was intentional, egregious, negligent, malicious and willful.

## CLAIMS

### COUNT I:

7. The Defendants, Warren Township, Somerset County, and The State of New Jersey had a duty: to care for the elderly and disabled (Nancy and William L. Smith) under the American with Disabilities Act, and, as local government authorities, to uphold the constitution of the United States, and ensure their civil rights. Negligence on the part of government has already been established in New York (Case 1:11-cv-06690-JMF Document 159 Filed 11/07/13 Page 1 of 119, UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK, vs. BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, a nonprofit organization, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, a nonprofit organization, GREGORY D. BELL, and TANIA MORALES,) under the Plaintiffs were registered with the government as disabled, and followed all requested protocol in light of the impending Hurricane Sandy. Plaintiffs were promised safe harbour in a hospital, nursing home, or assisted living facility. Instead, they were left home in an all-electric home, with no heat or electric, and promised to send a generator. Generators provided did not work; were hooked up incorrectly; and could not be hooked up to the electric heating system. Both generators failed. Policemen finally came to the house, and daughter (Deborah) requested that William and Nancy be put in a nursing home, etc., so they would be safe, as originally agreed. Instead, a social worker came to the house, and committed William under a section 302 against the families objection, leaving an ailing wife (Nancy, who was

in a wheelchair) to freeze with the daughter, Deborah. The generator continued not to work. Since the government committed William Smith to the hospitals, they were also responsible for his care while he was there.

Plaintiffs needs time to prove the detailed mistakes performed by all parties.

Despite being given a detailed medical history by Deborah, Somerset Medical Center, gave William drugs which gave him a severe adverse reaction. Daughter and wife tried to take him home, but the hospital would not release him. Instead, he was transferred down to Ocean County near the shore, ground zero of the Hurricane Sandy, to Barnabas Health Behavioral Health Center and Kimball Medical Center,

8. The Defendant(s) breached the duties delineated hereinabove proximately causing or proximately contributing to the death of the decedent.

9. As a direct and proximate result of breach of the duties alleged hereinabove, the decedent and plaintiff Nancy Smith suffered: continued health deterioration of Nancy A Smith as a result of being left to freeze in the house without her husband to keep her warm; health deterioration and emotional destruction after losing her spouse of 54 years (pain and suffering, loss of society and companionship); Nancy being unable to have necessary operations due to deterioration of health; loss of monthly retirement income; funeral expenses; medical expenses for William and Nancy, including those which may be reviewed and reversed by Medicare and Blue Cross/Blue Shield; increased cost of taking care of Nancy A. Smith, who is now disabled and in a wheel chair; loss of income of Deborah J. Smith, who was fired from her job since she

could not travel and had to take care of her mother, Nancy A. Smith; and any other appropriate compensation based on further discovery.

COUNT II:

10. The conduct of Defendant(s) complained of hereinabove constitutes: *gross negligence, malpractice, wrongful death, and reckless disregard for safety of others, etc.* for which the Defendant(s) should be punished and deterred from similar conduct in the future.

Count III

Warren Township. Somerset County, and the State of New Jersey violated the Americans with Disabilities Act when it did not provide safe shelter for Nancy A. Smith and William L. Smith, when they were each registered as disabled with the county.

Count IV

Warren Township. Somerset County, and the State of New Jersey violated the civil rights of William L. Smith, Nancy A. Smith, and Deborah J. Smith when they took William L. Smith against the will of the family to Somerset Medical Center under section 302. The Social Workers of Somerset County misrepresented the proposed treatment of William L. Smith, and stated they were taking him to Somerset Medical Center for tests to ensure his health; they never said they were putting him into a psychiatric unit. The family was not given a choice as to which hospital William was taken. The family was told he was going to Carrier Clinic for Altzheimer treatment for two weeks, and if there was no room, he would be sent home. Instead, he was overdosed with drugs he had an adverse reaction to, and shipped to hospitals in Ground Zero at the Jersey Shore 75 miles from the family, where staff at Somerset Medical Center knew the family could not monitor his progress. (The family could not get gas to get there during the gas rationing, and Nancy was becoming increasingly ill. She also could not stay and be with her husband in hospitals for an extended time with no heat, as she was getting sicker.) Defendants contend this

1 was done simply to cover up the overdose in drugs and total mistreatment at Somerset Medical
2 Center. Deborah had given Somerset Medical Center detailed instructions on William's medical
3 history, including that he had had an adverse reaction to an antipsychotic before; that Deborah
4 had taken him off the drug; that we did not want him having any antipsychotics; and we preferred
5 no drugs.
6 Defendants feel they cannot get a fair trial at the local, county, or state level since actions of the
7 defendants directly caused the death of William L. Smith.
8 Once William was transferred, Deborah J. Smith made repeated calls to Barnabas Health
9 Behavioral Health Center and Kimball Medical Center, and was assured William was no longer
10 being given any antipsychotics or drugs for Alzheimer's. Upon finally obtaining gas and getting
11 to Kimball Medical Center; and finding William hardly able to squeeze his wife's hand and not
12 able to talk in the ICU unit, Deborah demanded to see the list of drugs being given to William.
13 The same antipsychotic which caused the reaction in the first place was still being given, along
14 with an Altzheimers drug. Doctor was called, and put in the order to remove the drugs.
15 However, it was too late. With no heat, being dressed in a flimsy gown and one cotton blanket
16 covering him, William developed a urinary tract infection, respiratory failure, and heart failure,
17 dying on November 12, 2014. He had been physically very healthy and on no drugs, prior to
18 being taken from his home.

### DEMAND FOR RELIEF:

WHEREFORE, the Plaintiffs pray for the following relief:

1. Trial by jury;

2. Judgment for Plaintiff(s) and against the Defendant(s);

3. An award of damages in an amount which will fully and fairly compensate
   Plaintiffs for pain and suffering; loss of income; increased cost in care and

medical expenses of Nancy A. Smith; and the unnecessary death of William L. Smith.

4. An award of punitive damages in amount which is reasonably and rationally related to the egregiousness of Defendant's conduct, and which is reasonably and rationally related to the financial net worth of the Defendant(s), and which is in the public interest;

5. Reasonable attorney fees, costs and expenses;

6. Such other and further relief as may be deemed just and proper in the premises.

This action is being filed to keep the plaintiff's rights under the medical malpractice and wrongful death statutes from running out so that further investigation can be continued.

Respectfully submitted,

Deborah J. Smith and Nancy A. Smith